# FOR PUBLICATION



FILED

Jan 31 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN NOWLING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 31A01-1010-CR-552 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-1004-FC-277

**January 31, 2012**

**OPINION ON REHEARING - FOR PUBLICATION**

**BROWN, Judge**

Steven Nowling has petitioned for rehearing of our opinion in Nowling v. State, 955 N.E.2d 854 (Ind. Ct. App. 2011), in which we affirmed Nowling's conviction for possession of methamphetamine as a class D felony. In his petition, Nowling asks us to revisit our reliance upon the testimony of William Bowles, which we noted was admitted "without objection" and which indicated that the pen hull seized by officers tested positive for methamphetamine, "because Nowling interjected a continuing objection to the evidence illegally seized from his home." Petition at 4; see Nowling, 955 N.E.2d at 863. We grant Nowling's petition for the limited purpose of clarifying our analysis and affirm our original opinion.

At trial, during the testimony of Nowling's probation officer, Jeff Skaggs, Nowling renewed his motion to suppress the evidence seized pursuant to the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution, and when the court overruled his motion, he asked "permission for continuing objection," which was granted. Transcript at 139. Nowling also requested a continuing objection to the admission of his statements to the officers based upon the Fifth Amendment and Miranda, which the court granted. Also, during the testimony of Officer Katrina Smith, Nowling stated that he wanted "to make sure my continuing objection, both upon the motion to suppress evidence and the statement. I'd like to make sure that they're still continuing through this witness," to which the court replied "[s]ure," and subsequently: "This one and all others." Id. at 151.

As indicated in our original opinion, the State recalled Probation Officer Jeff Skaggs, without objection from Nowling, and Skaggs testified "that Nowling admitted at

2

his probation revocation hearing that he possessed the paraphernalia seized on February 26, 2010," which was the pen hull. Nowling, 955 N.E.2d at 863. We noted that the State also called William Bowles, a forensic scientist with the Indiana State Police Laboratory, to the stand. Id. During Bowles's testimony, the State moved to enter into evidence State's Exhibit 4, which was a certificate of analysis regarding the results of lab testing of the pen hull and was signed by Bowles, to which Nowling explicitly stated: "No objection. Thank you." Transcript at 213. The record thereafter indicates: "STATE'S EXHIBIT 4 ADMITTED WITHOUT OBJECTION." Id. The State also moved to publish Exhibit 4, to which Nowling stated: "No objection." Id. at 214. The record thereafter indicates: "STATE'S EXHIBIT 4 PUBLISHED TO JURY." Id. Bowles testified, relying on the results recited in Exhibit 4, that the pen hull "contained methamphetamine and cocaine." Id.

This court has previously held that a party may waive its objection to certain evidence based upon a continuing objection when it subsequently indicates that it has no objection to a particular piece of evidence. Hayworth v. State, 904 N.E.2d 684, 693-694 (Ind. Ct. App. 2009). In Hayworth, we noted that "after lodging a continuing objection to the methamphetamine shopping list," and after the defendant "repeated her continuing objection to Exhibits 6 and 7," she "inexplicably" stated "No objection" regarding Exhibits 8-12 and 16-23. Id. at 693. We held that "[b]y stating 'No objection,' we find that Hayworth has waived her objection to that evidence," noting that "[t]he proper procedure . . . would have been for Hayworth to have remained silent when the State introduced those various exhibits." Id. at 693-694. We noted that the defendant's

3

affirmative statements of "No objection" were "confusing to the trial court" and that we would not read the "simple and powerful two-word phrase" as having meant "no objection other than the *continuing objection*." Id. at 694. Accordingly, we conclude that, if Nowling's continuing objection applied to Bowles's testimony regarding Exhibit 4, Nowling waived his ability to challenge the admission of Exhibit 4 on appeal by stating that he had no objection.

Based on the foregoing, we grant Nowling's petition for rehearing for the limited purpose of clarifying our analysis and affirm our original opinion.

FRIEDLANDER, J., and BAILEY, J., concur.